UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
97 JUN 23 PM 4:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

NELLIE E. EAKINS and LEE
EAKINS,

    Plaintiffs,

v.

CARELINE, ALABAMA, et al.,

    Defendants.

CASE NO. CV 96-RRA-2567-S

ENTERED
JUN 2 4 1997

MEMORANDUM OPINION

    This case is before the court on Defendants' Objection to Magistrate's Recommendation Regarding Remand. On February 13, 1997, Magistrate Judge Armstrong entered a Report and Recommendation recommending that plaintiff's Motion to Remand be granted. Upon consideration of the record and the relevant law, the court is of the opinion that the plaintiff's Motion to Remand is due to be granted. Defendants removed this case asserting jurisdiction on the basis of diversity of citizenship and contended that the individual defendants, Lipscomb and Hardin, were fraudulently joined solely for the purpose of defeating diversity jurisdiction.

    Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity and the residency provision under 28 U.S.C. § 1441(b). Even if complete diversity is absent, "an action may nevertheless be removable if the joinder of the non-diverse parties is fraudulent." *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996). Thus, a plaintiff may not fraudulently join a nondiverse or resident defendant simply to avoid removal of a case and the exercise of diversity jurisdiction by a federal district court. To establish fraudulent joinder, the removing party must show



either that "there is no possibility that the plaintiff would be able to establish a cause of action against the resident defendant" or "that there has been outright fraud in the plaintiff's pleading of the jurisdictional facts. *Coker v. Amoco Oil Co.,* 709 F.2d 1433, 1440(11th Cir. 1983) (citations omitted); *accord Cabalceta v. Standard Fruit Co.,* 883 F.2 1553, 1561 ( 11th Cir. 1989) (citation omitted). Where a defendant is fraudulently joined, its citizenship and residency are not to be considered when determining diversity jurisdiction. *See Coker,* 709 F.2d at 1440.

In the case at bar, defendants have not alleged outright fraud in the pleading of jurisdictional facts. Rather, the defendants argue that the joinder of the individual defendants Lipscomb and Hardin is fraudulent because the plaintiffs have no possibility of establishing a cause of action against these defendants. As the Eleventh Circuit stated in *Coker,* "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. *Coker,* 709 F.2d at 1440-41. The court has independently reviewed the complaint and has determined at least with regard to Count Four of the complaint, that the individual defendants were not fraudulently joined as to that count.[1] Because the court has concluded that the resident defendants were not fraudulently joined as to at least one count in the complaint, the plaintiff's Motion to Remand is due to be granted. An order in accordance with this opinion will be entered contemporaneously with this opinion.

---

[1] As stated by the court to counsel, it is possible that the court would have found the individual defendants were "fraudulently joined" as to one or more of the remaining counts. However, because the court finds that there is a possibility that a state court would find that Count Four states a cause of action against the resident defendants Lipscomb and Hardin, it is unnecessary to address the defendants' arguments as to Counts One, Two, and Three.

**DONE** this 23rd day of June, 1997.

SHARON LOVELACE BLACKBURN
United States District Judge